FILED'08 JUL 23 10:53 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM W. WATSON, JR.; ROBERT
WOODFORD, by and through his next
friend, ANITA GEISTLINGER; HEIDI
HALTER, by and through her next
friend, HAYLEY ADAMS; CHARLES E.
PAPST, JR., by and through his next friend      Civil No. 03-227-JE
NIDA MORRIS; AMAR JUSLEN, by
and through his next friend,                    ORDER
RAUL JUSLEN; MAE SWEENEY;
and OREGON ADVOCACY CENTER,

        Plaintiff,

        v.

BRUCE GOLDBERG, M.D., in his official
capacity as Director, Oregon Department
of Human Services; ALLEN DOUMA, in
his official capacity as Assistant Director
of the Division of Medical Assistance
Programs; and JAMES TOEWS, in his
official capacity as Assistant Director of
Seniors and People with Disabilities,

        Defendants.

HAGGERTY, Chief Judge:

        Magistrate Judge Jelderks issued a Findings and Recommendation [197] in this action

that recommended that defendants' Motion for Summary Judgment [157] should be granted, and

1 -- ORDER

that Judgment should be entered dismissing this action with prejudice. Plaintiffs filed objections to the Findings and Recommendation, and the matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, and the entire Record. For the following reasons, the objections are overruled and defendants' Motion for Summary Judgment is granted.

**BACKGROUND**

Magistrate Judge Jelderks provided a thorough analysis of the facts presented, and this analysis need be only summarized here. Plaintiffs formerly received health care assistance through the Oregon Home and Community Based Services Waiver (HCBS waiver) and brought this challenge of Oregon's authority to reduce services provided to individuals under the HCBS waiver program. This suit arises from Oregon's participation in the Medicaid program, a federal-state Medical Assistance Program designed to assist states in furnishing medical assistance to individuals who lack resources to pay for needed medical services. 42 U.S.C. § 1396. State medical assistance plans must be approved federally and are required to provide certain minimum medical services for all individuals who are financially eligible. 42 U.S.C.§ 1396 a(a)(10)(A). These services include "nursing facility services . . . for individuals 21 years of age or older." 42 U.S.C.§ 1396d(a)(4)(A).

Medicaid pays for long term care of eligible elderly and disabled individuals provided in nursing homes. Under the HCBS waiver program, a state may provide "medical assistance" through home and community-based services to individuals who otherwise would need nursing facility care that is reimbursable under the state medical assistance plan. 42 U.S.C. § 1396(c)(1). States are allowed the option of providing care under an HCBS waiver instead of providing care in nursing facilities. 42 U.S.C. § 1396a(a)(10)(A)(ii)(VI).

A state's medical assistance program must be approved by the federal Secretary of Health and Human Services (HHS). 42 C.F.R. § 430.10. The plans are reviewed by the Federal Centers for Medicare and Medicaid Services (CMS), an agency within HHS. *Id*.

If a waiver is approved, subsequent changes to the waiver program must be submitted to CMS for review and approval. 42 C.F.R. § 441.355. A state may terminate its waiver program at any time by giving notice of the termination to care recipients and to CMS. 42 C.F.R. § 441.307.

Oregon's application for an HCBS waiver was granted in 1981. This allowed the state to provide in-home and community-based services to Medicaid recipients who would otherwise need care in institutional nursing facilities. Oregon's system for determining eligibility for HCBS waiver services was also approved.

Under a "Client Assessment and Planning System," Oregon classifies individuals into eighteen service priority levels. An individual's "activities of daily living," or "ADLs" are assessed to determine care needs. Eighteen levels are defined, with level one designating those with the highest need for care, and level eighteen the least need. From 1981 to 2003, Oregon

provided care under an HCBS waiver to all Medicaid beneficiaries assessed at levels one through seventeen.

In January 2003, because of budget concerns, the Oregon Department of Human Services (ODHS) requested an amendment to its HCBS waiver program to eliminate care services to individuals in service levels fifteen to seventeen. Through CMS, the Secretary of HHS approved the request.

In February, 2003, ODHS applied for a second HCBS modification to eliminate services for individuals in levels ten through fourteen. That request was also granted.

The Oregon legislature restored funding for service levels ten and eleven later in 2003, and restored service for levels ten through thirteen in the state's 2003-2005 budget. Oregon's HCBS waiver program, which now serves individuals in care levels one through thirteen, has been approved for a five-year period beginning in October 1, 2006.

Plaintiffs' remaining claim in this action challenges whether defendants' decision to terminate their eligibility for long-term care violated the Medicaid Act. The Findings and Recommendation concluded that the Act allows a state to establish its own Medicaid eligibility criteria for HCBS waiver programs, and that the relevant federal statutes do not compel states to provide services to any Medicaid beneficiary who asserts a need for the services.

Plaintiffs object to the Findings and Recommendation, asserting three primary arguments: that the Findings and Recommendation errs in (1) its interpretation of the Medicaid Act; (2) relying upon the interpretations of the Act by HHS and CMS; and (3) electing not to follow related reasoning expressed in 2004 by a federal district court in Kentucky. These objections are addressed in turn below. Plaintiffs' other objections are rejected.

4 -- ORDER

**OBJECTIONS**

**1.      Did the Findings and Recommendation interpret the Medicaid Act correctly?**

Plaintiffs' objections first contend that the Findings and Recommendation erred "in rejecting their contention that those individuals who are in need of nursing facility services, as defined in the Medicaid Act, are eligible for, and entitled to receive, such services under the Medicaid Act." Plaintiffs' Objections to Findings and Recommendation (Objections) at 2. "Need is the basis of eligibility." Objections at 3.

The Findings and Recommendation examined the text of the relevant federal statutes and recognized that "these statutes require state Medicaid plans to provide certain 'medical assistance' to 'all individuals' who are eligible to receive 'aid or assistance' under an approved state Medicaid plan," and "must provide covered individuals 'at least the care and services' specified in portions of 1396d(a)." Findings and Recommendation at 10 (quoting 42 U.S.C. § 1396a(a)(10)(A)). However:

> in the context of the joint state-federal program set out in the Medicaid Act, [the statutes] cannot be reasonably construed as establishing federal eligibility standards which require states to uniformly provide such long-term care to every Medicaid beneficiary who "needs" it. The Medicaid Act instituted an assistance program in which the level of benefits and the eligibility standards for obtaining benefits vary from state to state. The opening sentence of the Medicaid Act specifically provides that the Medicaid program is funded "[f]or the purpose of enabling each State, *as far as practicable under the conditions in such State*, to furnish . . . medical assistance" to specified groups who lack the resources to purchase those services. 42 U.S.C. § 1396 (emphasis added).

Findings and Recommendation at 11.

5 -- ORDER

Under the Act, states remain responsible for determining a beneficiary's eligibility under "reasonable standards" identified in the states' respective Medicaid plans. *Id.* (citation omitted).

Plaintiffs' assertions that the Findings and Recommendation erred by relying inappropriately upon the statute's "preamble" are rejected. In addition to the proper reference to the Act's "opening sentence," the reasoning in the Findings and Recommendation is well-founded upon multiple provisions of the Act, including the statutory guidance that requires the states to prepare reasonable standards for eligibility and mandates that states identify eligible groups, ranges of service, and administrative procedures. *See, e.g.*, Findings and Recommendation at 11-12 (citing 42 U.S.C. § 1396a(a)17; 42 U.S.C. § 430.0). The Findings and Recommendation was thorough in its analysis of eligibility issues. It considered plaintiffs' assertion that statutory definitions that define "nursing facility services" as "services which are or were required to be given an individual who needs or needed on a daily basis nursing care" should be construed as establishing federal eligibility standards which require states to uniformly provide such long-term care to every Medicaid beneficiary who "needs" it, and rejected that proposition. Findings and Recommendation at 10-11 (citations omitted). The Findings and Recommendation concluded properly that such a construction would be unreasonable and inconsistent with the joint state-federal program set out in the Medicaid Act. This court agrees.

2.      **Did the Findings and Recommendation properly consider the interpretations undertaken by HHS and CMS?**

Next, plaintiffs challenge the Findings and Recommendation's reliance upon the statutory interpretations from HHS and CMS that conclude that states are not required to provide nursing facility services to all Medicaid beneficiaries who "need" that level of care. The Findings and

Recommendation concluded that "CMS, the agency within HHS that is responsible for reviewing State Medicaid plans, interprets the Medicaid Act as allowing each state to set its own guidelines regarding eligibility and services, and notes that eligibility for benefits varies from state to state." Findings and Recommendation at 11-12 (citation and internal quotations omitted). The Findings and Recommendation found this agency interpretation to be consistent with the applicable statutes. Findings and Recommendation at 12. This court agrees, and rejects plaintiffs' argument that the agency interpretation is overbroad and lacking in authority.

    3.    **Did the Findings and Recommendation correctly evaluate relevant case authority?**

Plaintiffs also assert that the Findings and Recommendation erred by not following a decision by the United States District Court for the Eastern District of Kentucky in 2004 which held that "there is no precedent for the proposition that [ ] a state can alter eligibility for a mandatory Medicaid service simply because the state does not wish to pay the price required to provide the service to all eligible recipients." *Kerr v. Holsinger*, 2004 WL 882203, at *8 (E. D. Ky. March 25, 2004). Plaintiffs contend that this is one of "numerous" decisions that recognizes that "terminating benefits . . . based solely on the budgetary problems of a state violates the Medicaid Act." Objections at 15 (citations omitted).

This court concludes that the Findings and Recommendation properly found the *Kerr* ruling unpersuasive:

> The *Kerr* decision was not a final decision on the merits, and I find no indication that it was reviewed on appeal. * * * I find no indication in the *Kerr* decision that the court recognized or was aware that individual states routinely set Medicaid eligibility criteria for nursing home and HCBS waiver services, or that the eligibility requirements for such services vary widely throughout

7 -- ORDER

>the United States. I likewise find no indication that the *Kerr* court was aware that HHS does not consider variations in assessment methods and eligibility for services throughout the various states as violations of the Medicaid Act, or that CMS does not interpret the Medicaid Act as requiring a uniform, national standard for determining eligibility for services. In the absence of any discussion of CMS's interpretation of the Act or its role in evaluating state applications to modify HCBS waiver programs, the *Kerr* decision does not provide a useful analysis of the issues before the court here.

Findings and Recommendation at 15.

Plaintiffs object to this reasoning, asserting that whether the ruling was appealed, or "final," is not a measure of whether the ruling was "correct." Objections at 12. Such factors are properly considered, however, when an adjudicator is weighing the appropriate precedential value of non-binding decisions. The Findings and Recommendation provides sufficient reasons for distinguishing its conclusions from the *Kerr* ruling, and this court adopts that reasoning.

**SUMMARY**

The Findings and Recommendation carefully reviewed the relevant statutes, the parties' arguments and the record, and correctly concluded that the relevant federal statutes at issue here do not require states to provide nursing home or HCBS waiver services to every Medicaid beneficiary who needs such services. These statutes also do not preclude states from modifying eligibility standards in ways that affect the number of beneficiaries receiving nursing care or HCBS waiver services. Each state is permitted to set its criteria for determining the beneficiaries who qualify for nursing home and HCBS waiver services.

This court has considered the objections addressed above, and the remainder of plaintiffs' arguments. Plaintiffs' objections are overruled.

8 -- ORDER

## CONCLUSION

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Objections [201] are overruled. The Findings and Recommendation [197] is sound and persuasive, and is adopted in its entirety. Defendants' Motion for Summary Judgment [157] is granted.

IT IS SO ORDERED.

DATED this 23 day of July, 2008.

                                                            Ancer L. Haggerty
                                                      United States District Judge